IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 7:16-CR-47-1BO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH HAL KINLAW, JR., | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's three motions to quash writs of garnishment against him [DE 54, 55 and 56]. This matter has been fully briefed and is ripe for ruling. Defendant's motions are denied.

In November 2016, defendant pled guilty to bank fraud pursuant to a plea agreement and was sentenced 204 months imprisonment. Included in the plea was an agreement to make restitution. Three writs of garnishment were then issued in order to provide for that restitution, which the defendant has moved to quash. The subject of defendant's motions is the legality of his conviction and sentencing. Regardless of the legitimacy of defendant's challenge, a motion to quash a writ of garnishment is not a vehicle for doing so. *United States v. Pugh*, 75 Fed. Appx. 546, 547 (8th Cir. 2003); *United States v. Young*, 2008 U.S. Dist. LEXIS 11413 at *3 (D.N.D. Feb 14, 2008); *United States v. Taylor*, 2007 WL 87746 at *2 (W.D.N.C. Jan. 9, 2007). Defendant's motions are exclusively attacking his conviction, and so are beyond the scope of the garnishment proceeding. *See United States v. Burt*, 2010 WL 3475909, at *1 (E.D. Mich. Sept. 2, 2010). Defendant's motions [DE 54, 55 and 56] are DENIED.

SO ORDERED, this **3** day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE