IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-47-BO
No. 7:17-CV-211-BO

| | |
|---|---|
| JOSEPH HAL KINLAW, JR., <br> Petitioner, <br> v. <br> UNITED STATES OF AMERICA, <br> Respondent. | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [DE 64, 71]. The government has moved to dismiss the petition, [DE 76] and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On June 1, 2016, petitioner pleaded guilty, pursuant to a plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344. He was sentenced to 204 months' imprisonment on November 10, 2016. He noticed an appeal, and the Fourth Circuit affirmed the judgment on September 7, 2017 [DE 58]. On October 30, 2017, petitioner filed a motion to vacate. [DE 64]. Petitioner was directed to file a corrected motion, which he did on November 20, 2017. [DE 71]. Petitioner alleges the Court lacked subject matter jurisdiction over his case, and that he received ineffective assistance of counsel. The government has moved to dismiss petitioner's motion.

## DISCUSSION

"To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac,*

*Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

First, petitioner's subject matter jurisdiction claim fails because the Fourth Circuit conclusively resolved the question. "We conclude that the district court had jurisdiction." [DE 58 at 2].[1]

Next, petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner's argument is that his attorney failed to challenge the matter of subject matter jurisdiction. As the Fourth Circuit conclusively determined in his case, the court had jurisdiction. Therefore, his attorney's failure to raise the question cannot be an unprofessional error such that petitioner's representation was objectively unreasonable. For these reasons, petitioner's claim is dismissed.

## CERTIFICATE OF APPEALABLITY

---

[1] While petitioner is correct that unpublished Fourth Circuit opinions are not binding precedent throughout the Circuit, the resolution of petitioner's own appeal is binding as to him.

2

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [76] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 64, 71] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

This the 27 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3